# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 13-2485

———————————————

United States of America

*Plaintiff - Appellee*

v.

David E. McMaster

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

————————

Submitted: March 14, 2014
Filed: May 9, 2014
[Unpublished]

————————

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.

————————

PER CURIAM.

David E. McMaster pled guilty to conspiracy to commit bank and wire fraud affecting a financial institution in violation of 18 U.S.C. § 1349. The district court[1]

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

sentenced McMaster to 188 months imprisonment. McMaster appeals, asserting that the district court erred in applying the sentencing enhancement under section 2B1.1(b)(16)(B)(i) of the Sentencing Guidelines for substantially jeopardizing the safety and soundness of a financial institution. We dismiss the appeal, holding that McMaster knowingly and voluntarily waived his right to appeal on this ground.

"We review *de novo* whether a defendant waived the right to appeal a sentence." United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009). "[W]aivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003) (en banc). "We will generally enforce such a waiver as long as the appeal falls within the scope of the waiver, and the defendant's accession to the plea agreement and the waiver was knowing and voluntary." Azure, 571 F.3d at 772. A waiver may be avoided, however, if the enforcement would result in a miscarriage of justice. Id.

McMaster pled guilty pursuant to a written agreement that contained a waiver of his right to appeal his conviction and sentence. Although McMaster reserved his right to appeal a sentence greater than the upper limit of the sentencing range determined by the court, McMaster received a 188-month sentence, which is significantly less than the upper limit of 235 months determined by the district court. Accordingly, this appeal falls within the scope of the waiver.

Moreover, careful review of the record reflects that McMaster knowingly and voluntarily assented to the plea agreement and waiver. Both McMaster and his attorney signed the agreement, and the agreement was thoroughly explained by the district court. McMaster confirmed his understanding of the district court's specific advisement that pursuant to the plea agreement "[you] agree to give up or waive your right to appeal the conviction on your record and the sentence that I order you to serve as long as I order a sentence that falls within the sentencing guidelines that are found to apply to you." The district court also informed McMaster that a sentencing

range of 188 to 235 months—a range reflecting the four level enhancement under section 2B1.1(b)(16)(B)(i) of the Sentencing Guidelines—could apply to him. Finally, at sentencing, the district court determined that the applicable guideline range was indeed 188 to 235 months. Thus, we find the record fully supports a valid appeal waiver to which no exception to enforcement is applicable under these circumstances. See Andis, 333 F.3d at 892 ("[A]n allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver."). Accordingly, we dismiss the appeal.

_____